914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl JONES, Plaintiff-Appellee,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Robert Brown, Jr., Defendants,
Bernie Toland, John Hession, Defendants-Appellants.
 No. 89-2069.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1990.
 
 Before: MERRITT, Chief Judge and RYAN and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 In this Sec. 1983 action defendants-appellants, Hession, the supervisor of a prison work program, and Toland, a prison classification supervisor, appeal the District Court's refusal to grant them "qualified immunity" for damages under Mitchell v. Forsyth, 472 U.S. 511 (1985). We reverse.
 
 
 2
 Plaintiff, an inmate in a Michigan prison, worked in the prison's shoe factory. Another inmate who also worked in the shoe factory told the factory supervisor that plaintiff was making sexual advances toward him and trying to extort money from him. About a month later that inmate was allegedly assaulted. Apparently the factory supervisor accused plaintiff of being a "homosexual predator" and an extortionist. Plaintiff's Affidavit, Joint App. at 86. Plaintiff says he threatened to sue the factory supervisor for defamation. According to plaintiff, the supervisor told plaintiff that if he brought a lawsuit he "would never work for the factory again." Id. It is undisputed that plaintiff was fired from his job at the shoe factory. Defendants claim that they did so to insure the safety of the workers and for reasons of prison security.
 
 
 3
 Plaintiff filed a Sec. 1983 action against the Department of Corrections, and prison officials Toland, Hession and Brown on the theory that his right of access to the courts was violated when the factory supervisor allegedly fired plaintiff in retaliation for plaintiff threatening the supervisor with a defamation lawsuit. The Department of Corrections and Brown were dismissed as defendants, and plaintiff's due process claim and state claims for defamation and slander were dismissed. The only remaining issue is plaintiff's right of access to the courts.
 
 
 4
 Defendants filed a motion for summary judgment before a magistrate on the ground that they were qualifiedly immune from suit. The magistrate denied their motion for summary judgment and the District Court agreed with that disposition. The District Court found that because there was an issue of material fact as to why plaintiff was fired the case should proceed to a trial on the merits.
 
 
 5
 In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818. The Supreme Court further delineated the rule in Anderson v. Creighton, 483 U.S. 635 (1987): "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 640.
 
 
 6
 Plaintiff must demonstrate the existence of "clearly established law" to overcome the defense of qualified immunity. Upon questioning at oral argument, plaintiff's counsel could offer no line of authority, no "clearly established law," that a prison work supervisor violates a constitutional principle insuring access to courts by firing a prisoner in retaliation for threatening a defamation suit. Plaintiff's brief offers no such authority, and our research discloses none. Plaintiff relies on Bounds v. Smith, 430 U.S. 817 (1977), for the principle that prisoners have a constitutional right of access to the courts. Bounds, 430 U.S. at 821. Bounds held that states must provide law libraries for inmates so that they may exercise their federally created right to file habeas corpus petitions. It offers no support for the proposition advanced by plaintiff.
 
 
 7
 Accordingly, the judgment of the District Court is REVERSED and the case is remanded to the District Court with instructions to dismiss the suit on the basis of qualified immunity.